Dr. Miguel A. Castillo López, Plaintiff and Appellant, v. Board of Medical Examiners, Defendant and Appellee. Dr. Manuel Mendoza Moya, Plaintiff and Appellant, v. The Same, Defendant and Appellee. Dr. Víctor M. Hernández Sanz, Plaintiff and Appellant, v. The Same, Defendant and Appellee. Dr. Eduardo Santos Pérez, Plaintiff and Appellant, v. The Same, Defendant and Appellee.

Nos. 12005, 12018, 12019 and 12017.
Submitted February 29, 1960.—Decided May 10, 1960.

*Omar Cancio Sifre* for appellants. *Hiram R. Cancio, Secretary of Justice (J. B. Fernández Badillo, former Secretary of Justice* and *Jorge Ruiz Rivera, Assistant Attorney General,* on the brief) for the appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The practice of medicine and surgery, not being a natural right of the people, is subordinate to the exercise of the public

policy of preserving and protecting the health of the community.[1] Therefore, the Legislature may reasonably regulate said practice.[2] And it actually did so by enacting Act No. 22 of 1931, which authorizes the Board of Medical Examiners to issue permanent licenses to persons who comply with the requirements specified in § 14 of said Act. One of such requirements is to pass the examinations referred to in § 11. Said § 11 "reads thus:

"§ 41. Revalidation examinations

"Revalidation examinations for physician-surgeons shall be in writing, and under such rules as the Board may prescribe, in the following subjects: human anatomy; normal and pathological histology; physiology; bacteriology; public and private hygiene; general medicine and diagnosis; general surgery; obstetrics; gynecology; pharmacology; legal medicine and toxicology; *materia médica* and therapeutics, and tropical diseases, in addition to a practical clinical examination. The examination in tropical diseases shall consist of two parts: one theoretical, in writing, and the other practical, including microscopy, laboratory work and diagnosis of clinical cases. Revalidation examinations for osteopaths shall be on the same subjects as for physician-surgeons, excepting obstetrics, gynecology, *materia médica,* pharmacology, therapeutics, legal medicine, and tropical diseases. Osteopaths also must take a practical clinical examination. The examination questions may be answered in either English or Spanish, at the option of the person taking the examination." (20 L.P.R.A., § 41, p. 714.)

In the year 1942 Puerto Rico did not have sufficient physicians to render services in the municipal public charities. The Legislature met this emergency by approving Act No. 26 of April 10, 1942, which authorized the Board of Medical Examiners to issue provisional licenses to practice medicine and surgery in Puerto Rico, in the field of public charity, to every physician who so requested and fulfilled the require-

---

[1] *Alonso* v. *Board of Medical Examiners,* 74 P.R.R. 148; *Infante* v. *Board of Medical Examiners,* 43 P.R.R. 311.

[2] *Alonso* v. *Board of Medical Examiners, supra; People* v. *White,* 146 N. E. 178.

ments specified in § 3, and who passed the examination of revalidation prescribed by the Act. This revalidation examination is the regular one fixed by § 11 of Act No. 22 of 1931 and not a special one. We so held in *Alonso* v. *Board of Medical Examiners*, 74 P.R.R. 148, by deciding that a foreign physician who requested and obtained a provisional license pursuant to Act No. 26 of 1942, and approved the examinations of revalidation fixed by the Act of 1931, when he became an American citizen, had the right to have the Board of Medical Examiners issue a permanent license when he so requested.

Act No. 26 of 1942, as amended by Act No. 13 of November 23, 1942, was repealed when Act No. 383 of April 22, 1946 took effect. (24 L.P.R.A. §§ 271 *et seq.*) This Act authorized the Secretary of Health and the municipalities to contract the services of physicians of American or alien citizenship not authorized to practice medicine in Puerto Rico, provided the following circumstances concurred:

"(a) That the Director of the Office of Personnel certifies to the Secretary of Health that he has no eligibles to fill the aforesaid medical vacancies in the Department of Health which are to be filled by virtue of such contracts.

"(b) That they are graduates of schools accredited to the Board of Medical Examiners of Puerto Rico, and that they establish their medical training before said board or a delegate thereof, including by examination when the board or the delegate thereof may so resolve in specific cases.

"(c) That the physicians under contract meet the requirements for the position prescribed by the Director of the Office of Personnel."

The Act further provides that the physicians thus contracted: "may practice medicine exclusively in connection with and in the performance of the functions of the position to which they may be appointed, except in emergency cases."

The plaintiffs-petitioners are physician-surgeons, graduates of the University of Santo Domingo. Pursuant to the

provisions of Act No. 383 of 1946, the Board of Medical Examiners issued to them a provisional license or qualification permit to practice medicine in Puerto Rico. This license was issued to doctors Samuel Mendoza Moya and Miguel A. Castillo, without previous examination, while doctors Eduardo Santos Pérez and Víctor Hernández Sanz received their provisional license after they had passed an oral examination before a delegate of the Board of Examiners.

After they had been practicing medicine in Puerto Rico, subject to the limitations established by Act No. 383 of 1946, as amended, petitioners became American citizens and then requested a permanent license from the Board of Examiners to practice freely their profession in Puerto Rico. In October 1955, the Board of Examiners denied the request of these doctors. Each one then appealed to the Superior Court with separate petitions for mandamus. After a trial on the merits, said court denied their petitions.

They allege before us (1) that the Superior Court erred in deciding that the plaintiff-petitioners have no right to have the corresponding licenses issued to them to practice medicine permanently in Puerto Rico, and (2) that as to doctors Santos Pérez and Hernández Sanz, said court erred "in not accepting the oral evidence contrary to the documentary evidence presented and admitted in evidence."

The first error was not committed. It is under Act No. 22 of April 22, 1931 that the Board of Medical Examiners is authorized to issue permanent licenses for the practice of medicine in Puerto Rico. The applicants should comply with the requirements provided by said Act, one of them being to pass a written examination on all the subjects specified in § 11 of said Act. The approval of this regular examination of revalidation is an indispensable requirement for the Board of Medical Examiners to issue a permanent license. In interpreting Act No. 26 of 1942 we decided in the case of Alonso, *supra*, that every applicant to a provisional license to practice medicine and surgery in Puerto Rico, in

the branch of public charities, should pass the regular examination of revalidation required by Act No. 22 of 1931. We stated then that in approving the special Act of 1942 it was not the Legislature's intent to exact minor technical requirements from physicians with a temporary license more than from those to whom a permanent license was being granted. However, that legislative standard was altered by Act No. 383 of 1946. This Act only required applicants to establish their medical training before the Board of Examiners or a delegate thereof inclusive by examination when the Board or its delegate so agreed. As a result, under the provision of Act No. 383 the Board of Examiners was authorized to issue a special provisional license even without the requirement of passing an examination or by means of a special examination. Therefore, said Act does not require the applicant to pass the regular written examination indicated in the basic Act of 1931.

The record of this case shows that a special provisional license was issued to doctors Samuel Mendoza Moya and Miguel A. Castillo without establishing their medical training by means of an examination, while doctors Eduardo Santos Pérez and Víctor Hernández Sanz established their medical training by means of a special oral examination before a delegate of the Board of Medical Examiners. The record also shows that this special oral examination is not the same regular examination indicated in the basic Act of 1931. The regular written examination of revalidation covers all the subjects specified in § 11 of the Act of 1931, as well as the practical examinations. Said examination consists of fifteen questions, to choose ten, on each one of the aforesaid subjects and lasts at least five days. On the other hand, the special examination like the one doctors Santos Pérez and Hernández Sanz passed, covers only general principles on some subjects and it is accomplished in a short period of time which can be half an hour, one hour, or an hour and a half. Obviously, this oral examination, not being the examination of revalida-

tion required in the Act of 1931, does not entitle the physician who has passed it to require from the Board of Examiners a permanent license to practice freely the medical profession in Puerto Rico. Nor shall physicians to whom a provisional license has been granted without previous examination under Act No. 383 be entitled to such permanent license. Since plaintiffs-petitioners did not comply with the requirement of passing the regular written examination provided by the basic Act of 1931, they do not have the right to have the Board of Examiners issue them a permanent license to practice medicine in Puerto Rico.[3]

■■ The second error was not committed either. Petitioners argue that the trial court admitted oral evidence to contravene the contents of two letters addressed to the chairman of the Board of Examiners by doctors Prieto and Pavía Fernández, informing him that doctors Santos Pérez and Hernández Sanz had passed the oral examination to which they had been respectively subjected. The testimony given by doctors Prieto and Pavía Fernández at the trial was not directed, as petitioners allege, to vary the contents of the aforesaid documents. They did not deny that petitioners had passed the special oral examination. Their testimony explained, however, the form, scope, and subjects of the examination to which, as delegates of the Board of Examiners, they subjected the two physicians applying for a provisional license. The admission of their testimony did not violate any provision of the Law of Evidence. See *Nieto* v. *Torres*, 56 P.R.R. 147; *Ochoteco* v. *Córdova*, 47 P.R.R. 522; *Morales* v. *Franco*, 44 P.R.R. 63; *Puig* v. *Sotomayor*, 55 P.R.R. 244. On the other hand, petitioners themselves presented evidence as to the form, scope and subjects of the examination to which they were

[3] Act No. 75 of June 23, 1958 established the conditions under which the Board of Medical Examiners was compelled to issue permanent licenses to physicians who were practicing medicine, pursuant to the special Act No. 383 of 1946. Said Act of 1958 establishes as an indispensable requirement that the physicians pass the regular written examination indicated in the basic Act of 1931. (See 24 L.P.R.A. § 271, Cum. Supp. 1959.)

subjected by the delegate of the Board of Examiners. Therefore, they can hardly complain that the trial court admitted evidence with regard to the same end presented by the adverse party. The kind of examination taken by the two petitioners was an essential fact in the dispute. Their right to a permanent license under the doctrine of the *Alonso* case, *supra*, depended on whether they passed the regular examination required by the Act of 1931.

For the reasons stated the judgment rendered by the Superior Court shall be affirmed.